IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CORY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2131-L-BN |
| | § | |
| METROPLEX PLUMBING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* employment-discrimination action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The Court has granted Plaintiff Michael Cory Brown leave to proceed *in forma pauperis*, *see* Dkt. No. 7, and has issued two questionnaires to screen his claims, *see* Dkt. Nos. 8 & 10, to which Brown has filed verified responses, *see* Dkt. Nos. 9 & 11. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for the reasons and to the extent set out below.

**Applicable Background**

In his complaint as initially filed, Brown asserts in substance only that he "was terminated unlawfully [he] believe[s] due to race," and that a coworker told him that he was "not fired in the correct way." Dkt. No. 3 at 1. The Court issued questionnaires

to both flesh out these skeletal assertions and determine whether Brown's action is timely. *See* Dkt. Nos. 8 & 10. While this action appears timely based on the date of Brown's termination, the date he filed the discrimination charge, and the date he received the right-to-sue letter, *compare* Dkt. No. 11 at 4 & 6, *with* Dkt. No. 3 at 2, Brown's factual allegations – even after being afforded an opportunity to amend them – remain lacking, *see* Dkt. No. 9 at 6-7 (verified interrogatory responses); Dkt. No. 11 at 6 (charge of discrimination). And, to the extent that Brown alleges claims broader than race-based discrimination, those claims are unexhausted.

## Legal Standards

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued to "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the now-familiar framework of *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

As to exhaustion, "while it remains unclear in the Fifth Circuit whether failure to exhaust administrative remedies deprives a court of subject-matter jurisdiction, filing an EEOC charge and receiving a right-to-sue letter are unquestionably 'conditions precedent for suit in federal court.'" *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682, 689 (S.D. Tex. 2013) (citations omitted). And, "[t]o state a claim under[, for example,] Title VII and the ADA, a plaintiff must exhaust all of his administrative remedies, including filing an EEOC charge and receiving an EEOC right-to-sue letter." *Wilson v. Tex. Higher Educ. Coordinating Bd.*, No. SA05CA1137-XR. 2006 WL 505549, at *1 (W.D. Tex. Jan. 30, 2006) (citing *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 390-91 (5th Cir. 2005) (per curiam), and raising

exhaustion while screening a *pro se* complaint under Section 1915(e)(2)(B)(ii)).

## Analysis

Unexhausted claims

Asked by the Court to identify the statutes or case law under which he is suing, Brown responded: "Title VII, the Americans with Disabilities Act [the "ADA"], the Genetic Information Nondiscrimination Act [the "GINA"], Texas Employment Discrimination Law Texas Labor Code Title 2, Subtitle A Employment Discrimination Chapter 21 subchapter B Section 21.055." Dkt. No. 9 at 7.

Section 21.055 of the Texas Labor Code "prohibits retaliation against those who oppose a discriminatory practice" and, like a claim of retaliation under Title VII, a plaintiff must first properly exhaust a Section 21.055 claim before presenting that claim to this Court. *Williams v. Health Tex. Provider Network*, No. 3:16-cv-391-M-BK, 2017 WL 2608813, at *5 (N.D. Tex. June 1, 2017) (concluding that "the Court's Title VII analysis" applied "equally to" the Section 21.055 claim and that that claim too "should be dismissed because [the plaintiff] did not exhaust his [Title VII-based] retaliation claim" (citing *Shackelford v. Deloitte & Touche LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) ("[T]he law governing claims under the [Texas Commission on Human Rights Act] and Title VII is identical." (citing, in turn, *Colbert v. Georgia-Pacific Corp.*, 995 F. Supp. 697 (N.D. Tex. 1998))))), *rec. accepted*, 2017 WL 2616952 (N.D. Tex. June 15, 2017); *accord Huff v. DRE Mgmt., Inc.*, No. 3:12-cv-414-B, 2012 WL 3072389 (N.D. Tex. July 30, 2012).

Like with a claim under Section 21.055, a plaintiff must first exhaust

administrative remedies applicable to claims under the ADA and the GINA before pursuing a lawsuit raising those claims. *Huff*, 2012 WL 3072389, at *3 ("An employee of a private entity, alleging employment discrimination under the ADA, must first exhaust her administrative remedies before pursuing a lawsuit." (citing, in turn, 42 U.S.C. § 12117(a); citations omitted)); *Bowie v. Univ. of Md. Med. Sys.*, ELH-14-03216, 2015 WL 1499465, at *5 (D. Md. Mar. 31, 2015) ("GINA expressly incorporates Title VII's exhaustion requirements for employees covered by Title VII." (citing, in turn, 42 U.S.C. § 2000ff-6(a)(1); *Echols v. Living Classrooms Found., Inc.*, WDQ-13-03156, 2014 WL 6835559, at *7 (D. Md. Dec. 2, 2014) (characterizing the holding of that decision as "applying Title VII's exhaustion requirements to GINA claim and dismissing GINA claim for lack of subject matter jurisdiction where plaintiff's EEOC Charge did not include GINA claim"))).

Brown has failed to properly exhaust the Section 21.055, ADA, and GINA claims. His charge [Dkt. No. 11 at 6] only indicates a claim for discrimination based on race. And the meager facts alleged in that charge are not substantively sufficient to support an administrative EEOC investigation broader in scope. *See Huff*, 2012 WL 3072389, at *3 ("Courts interpret the scope of an EEOC complaint broadly, looking at the 'administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination.'" (quoting *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); internal quotation marks omitted)); *see also id.* ("Courts have looked to whether the EEOC charge contains factual allegations to support an un-checked claim. For example, in *McCray v. DPC Indus., Inc.*, the court barred the

plaintiff's retaliation claim because he failed to check the 'retaliation' box and the text of the charge lacked factual allegations to support a retaliation claim. 942 F. Supp. 288, 294 (E.D. Tex. 1996)." (citations omitted)).

Therefore, to the extent that Brown alleges claims under Section 21.055, the ADA, and the GINA, those claims should be dismissed without prejudice for failure to exhaust.

Title VII claim for race-based discrimination

"Title VII prohibits discrimination 'because of' a protected characteristic, including race." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216, 219 (5th Cir. 2016) (citing 42 U.S.C. § 2000e-2(a)(1)). And, in the absence of direct evidence of discrimination, claims under Title VII are analyzed under the framework set out by the Supreme Court of the United States in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Outley*, 840 F.3d at 216, 219. Under that framework, a plaintiff must establish a prima facie case of discrimination before the case may proceed. *See McCoy*, 492 F.3d at 556.

To establish that prima facie case, a plaintiff must show that he

(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Id.* at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)); *Outley*, 840 F.3d at 216.

The United States Court of Appeals for the Fifth Circuit has cautioned that a

plaintiff is not required to make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). The question for the Court on initial screening is therefore simply whether Brown's pleadings sufficiently state that he suffered a discriminatory employment action. *See Swierkiewicz,* 534 U.S. at 512-13. "While a plaintiff is not required to plead a prima facie case based on discrimination and retaliation at the pleading stage for purposes of Rules 8 and 12(b)(6), he must set forth allegations that would enable the court to reasonably infer that his employer or employment agency discriminated against him in violation of Title VII." *Nieman v. Hale*, No. 3:12-cv-2433-L, 2012 WL 3204990, at *4 (N.D. Tex. Aug. 8, 2012) (internal citation omitted); *accord Thornton v. Dallas ISD*, No. 3:13-cv-3012-P, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014) (applying this analysis to screen Title VII discrimination and retaliation claims under Section 1915(e)(2)(B) after issuance of a questionnaire).

Here, Brown's allegations of discrimination are insufficient. Aside from his conclusory claim of race-based animus, *see* Dkt. No. 3 at 1, Brown alleges no facts demonstrating that his former employer's actions were motivated by his race, *see, e.g.*, Dkt. No. 11 at 6 (charge filed with the Texas Workforce Commission and attached to Brown's verified interrogatory responses providing that he "was discharged from [his position by Troy LNU (White), Foreman" and "was told by Steve Cummings (White), Owner, that [he] was discharged because Troy said [he] worked slowly" and "believe[s he] was discriminated against on the basis of [his] Race (Black) in violation of Title

VII"); Dkt. No. 9 at 6 ("I believe they did not look into my dismissal even though Mr. Cummings said he would.... I don't believe I should have been informed of my termination by my co-worker instead of a supervisor") and at 7 (alleging that while he "believe[d] that Troy [his] immediate supervisory was profiling [him] due to [his] race" and that Troy's "[harassment] was daily and repetitive," that harassment is specified as telling Brown's coworker not to give him a cigarette; telling Brown and his coworker that it was too close to Christmas to be fired; and telling Brown and his coworker not to speak with each other or to take breaks together).

His allegations are devoid of specific objective incidents of racial discrimination, such as racial comments or treatment different from that afforded to similarly situated employees of another race. Rather, Brown apparently asks this Court to infer race-based discrimination based on the alleged mistreatment of him and subsequent termination. Such unsupported allegations fail to state a claim – that is, under Rule 8(a), fail to rise to the level of allegations that would enable the Court to reasonably infer that Plaintiff's employer discriminated against him in violation of Title VII – and should be dismissed. *See Raj*, 714 F.3d at 331 (affirming Rule 12(b)(6) dismissal where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably"); *accord Chimm v. Univ. of Tex. at Austin*, 836 F.3d 467, 471 (5th Cir. 2016) (per curiam).

Because the Court offered Brown an opportunity to amend his complaint to state

his best claim for racial discrimination, this claim should be dismissed with prejudice.

## Recommendation

The Court should dismiss Brown's Title VII discrimination claim with prejudice and any remaining claims without prejudice as unexhausted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 5, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE